IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA HEMBY, as Administratrix of the Estate of WILLIAM HEMBY, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-0729-P-B |
| WATERWAYS TOWING & OFFSHORE SERVICES, INC. ("WATERWAYS"), DELTA MARINE SERVICE ("DELTA"), HENRY MARINE SERVICE ("HENRY") and INGRAM BARGE COMPANY ("INGRAM"), | ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

Pending before this court is defendant Henry Marine Service, Inc.'s ("Henry Marine's") Notice of Stay filed May 3, 2005 (doc.27). Henry Marine contends that it filed a Chapter 11 Bankruptcy proceeding in the United States District Court for the Southern District of Alabama under Case Number 04-12964-WSS-11. Id. The filing is construed as Henry Marine's Suggestion of Bankruptcy.

Plaintiff filed this Jones Act and General Maritime Law action on November 15, 2004, the events giving rise to this action having occurred on December 8, 2003 (doc.1, ¶5).

As to Henry Marine, the Return of Service was filed on April 4, 2005, indicating personal service of Summons and the Complaint on March 29, 2005 (doc.23). Other than Henry Marine's Suggestion of Bankruptcy, no responsive pleading by Henry Marine has been forthcoming.

This court notes that the other named defendants, Waterways Towing & Offshore Services, Inc., Delta Marine Service, and Ingram Barge Company, have been served and have filed responsive pleadings

(docs.5, 7, 17, and 26).

From the Bankruptcy Court, this court discovered that Henry Marine's bankruptcy proceeding, a Voluntary Petition under Chapter 11, was filed on May 21, 2004. The proceeding in the Bankruptcy Court is ongoing.

Pursuant to 11 U.S.C. § 362 (a), Henry Marine's Petition to the Bankruptcy Court operates as an automatic stay, applicable to all entities, of

> ... the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> * * *
>
> ... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.; ...

§ 362(a)(1) and (6); see In Re State Airlines, Inc., 873 F.2d 264, 267 (11th Cir. 1989).

Herein, plaintiff named Henry Marine, the debtor, as a defendant seeking to recover a claim under the Jones Act and General Maritime Law. The events giving rise to this action occurred on December 8, 2003, approximately five and one-half months prior to the commencement of Henry Marine's bankruptcy proceeding.

Accordingly, it is ORDERED that plaintiff's action be and is hereby STAYED as to defendant Henry Marine only, pending the outcome of Henry Marine's bankruptcy proceeding.

If the other defendants have good cause for the Stay applying to all of them, they are to file on or before Monday, June 27, 2005, an appropriate response to Henry Marine's Suggestion of Bankruptcy. Otherwise, this action will proceed against the other defendants, Waterways Towing & Offshore Services, Inc., Delta Marine Service, and Ingram Barge Company.

It is further ORDERED that counsel for Henry Marine shall notify this court in writing every six

months from the date of this Order of the status of the bankruptcy proceedings.

DONE this 7th day of June, 2005.

                                                      S/Virgil Pittman
                                                SENIOR UNITED STATES DISTRICT JUDGE