IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA HEMBY, as Administratrix of the | ) | |
| Estate of WILLIAM HEMBY, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0729-P-B |
| | ) | |
| WATERWAYS TOWING & OFFSHORE | ) | |
| SERVICES, INC. ("WATERWAYS"), DELTA | ) | |
| MARINE SERVICE ("DELTA"), HENRY | ) | |
| MARINE SERVICE ("HENRY") and INGRAM | ) | |
| BARGE COMPANY ("INGRAM"), | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Pending before this court is Plaintiff's Motion and Amended Motion For Order Lifting Stay of Proceedings as to Defendant Henry Marine Service ("Henry Marine") (docs.54, 59), and a Response thereto filed by Delta Marine Service ("Delta Marine") (docs.56-57).  After careful consideration of the filings, the Stay as to defendant Henry Marine remains in effect.

On June 7, 2005, this court Ordered that plaintiff's action be Stayed as to defendant Henry Marine pending the outcome of Henry Marine's bankruptcy proceeding with the action proceeding against the three other defendants, Waterways Towing & Offshore Services, Inc. ("Waterways"), Delta Marine, and Ingram Barge Company ("Ingram") (doc.30).

On September 7, 2005, defendant Henry Marine filed a Notice of Filing of Order Confirming Amended Plan of Reorganization (doc.52).  On September 8, 2005, this court noted the filing and set a deadline, September 22, 2005, for any response to the Notice (doc.53).

On September 21, 2005, plaintiff filed the subject Motion For Order Lifting the Stay (doc.54).  On September 22, 2005, Delta Marine filed a Response to the Court's Order of September 8, 2005, Concerning the Stay of Proceedings as to Defendant Henry Marine (doc.56-57), and plaintiff filed her Amended Motion For Order Lifting the Stay (doc.59).  No responses were filed by Waterways and Ingram.

Plaintiff moved for a lifting of the court's imposed Stay contending that insofar as Henry Marine now appears to be out of bankruptcy, the Stay should be lifted (doc.54).

Delta Marine in response, requests that the Stay remain in place while Delta Marine "seeks relief in the Henry Marine bankruptcy matter to bring a crossclaim against Henry Marine in the suit pending in this Court for certain insurance proceeds which may be recoverable as a result of the claims being made by the Plaintiff" (doc.56, ¶5).  Delta states that

> Delta and Henry Marine entered into a "Commercial Sublease" on March 14, 2003 concerning premises for use as a barge repair business and related purposes.  The Sublease between Delta and Henry Marine contains an indemnity clause in Section XIX. 6. And other conditions in favor of Delta and against Henry.  A copy of the sublease is attached to this Motion as Exhibit "A".[1]

> Delta's position is it would be entitled to recovery from Henry Marine under the Sublease indemnity provisions and/or common law indemnity claims should the [p]laintiff

---

[1]  The Commercial Sublease provides in pertinent part:

Indemnity.  The Sublessor [Henry Marine] will defend, indemnify, protect and save harmless Sublessee [Delta Marine] and its shareholders, officers, employees and agents (each an indemnitee") from any loss, cost, damage, or expense (including attorneys' fees) caused by (i) injuries to persons or property, while, in, on, or about said premises arising from any acts, omissions or negligence of [Henry Marine] or the contractors, agents, employees or licensees of [Henry Marine]; or (ii) [Henry Marine's] breach of this Sublease. [Henry Marine] will indemnify, protect, and save harmless each Indemnitee from any loss, cost, damage, or expense (including attorney's fees) caused by injuries to persons or property, while in, on, or about said premises herein reserved, arising from any acts, omissions or negligence of [Henry Marine] or the contractors, agents, employees or licensees of [Henry Marine]... [Henry Marine's] indemnification shall not be applicable for damages caused solely by any negligent or willful action or omission of [Delta Marine], its agents or employees.

(doc.56, Ex.A, Art.XIX, ¶6).

2

recover damages from Delta in this matter.

* * *

Henry Marine also recognizes that the discharge of claims against the bankruptcy estate of Henry "may not be applicable to any claim against any insurance company which may provide insurance coverage for the claims" asserted by the Plaintiff in this matter. *See* Notice of Filing of Order Confirming Amended Plan of Reorganization, Court Document 52, Paragraph 3.

(doc.56, ¶6-7, 9) (footnote added).

In response, with the Amended Motion For Order Lifting the Stay, plaintiff states: "[W]ithout recognizing or admitting the validity of any rights or defenses of Henry Marine... raised in Answer to Plaintiff's Complaint, Plaintiff hereby amends her Motion to Lift Stay and concurs with the relief requested by defendant Delta Marine..." (doc.59, p.1).

No objection has been filed by Henry Marine, Waterways or Ingram.

Accordingly, following consideration thereof, and insofar as the only responding parties, plaintiff and Delta Marine request that the Stay remain in place, and no objection thereto has been filed, it is ORDERED that this court's June 7, 2005 imposed Stay as to Henry Marine, hereby REMAINS in effect.

DONE this 19th day of October, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE